**Everett ALLEN and Vivian Allen, his wife, Plaintiffs-Appellants,**

**v.**

**Earl ROOKER and Peggy Rooker, his wife, Defendants-Respondents.**

No. 11995.

Missouri Court of Appeals,
Southern District,
Division Three.

July 10, 1981.

**364**

a driveway there. Such acts established the possession was hostile, actual, open and notorious, exclusive and continuous for more than ten years. *Walker v. Walker*, 509 S.W.2d 102 (Mo.1974).

For possession to be hostile, it is the intent to possess and not the intent to take from the true owner that governs. *City of South Greenfield v. Cagle*, 591 S.W.2d 156 (Mo.App.1979). The acts of ownership clearly reflect an intent to possess the tract by her and her predecessors in title. *Porter v. Posey*, 592 S.W.2d 844 (Mo.App.1979).

There was substantial evidence to support the trial court's judgment and there is no error of law. A detailed opinion would have no precedential value.

The judgment is affirmed under *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976) and Rule 84.16(b), V.A.M.R.

All concur.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for plaintiffs-appellants.

Russell A. Ward, Hyde, Purcell, Wilhoit, Edmundson & Merrell, Poplar Bluff, for defendants-respondents.

BILLINGS, Presiding Judge.

The only issue in this appeal is whether there was substantial evidence to support the judgment of the Circuit Court of Butler County that defendant Peggy Rooker had acquired title by adverse possession to a strip of land. Record title to the tract was in plaintiffs. We affirm.

There was substantial evidence that defendant Peggy Rooker and her predecessors in title farmed the tract, pastured cattle and horses, raised chickens and hogs, mowed the grass and maintained and used